UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HAUPT,

            Plaintiff,

v.

CITY OF FARMINGTON HILLS,

            Defendant.

Case No. 2:22-cv-12942

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [4]**

Plaintiff John Haupt is a former lieutenant police officer for Defendant City of Farmington Hills. ECF 1, PgID 11. Defendant employed Plaintiff under a collective bargaining agreement (CBA). *See* ECF 4-9. Under the CBA, Plaintiff was entitled "to the benefits of the retirement program" of the City. *Id.* at 120.

The CBA provided that command officers like Plaintiff could retire "at fifty [] or more years of age with twenty-five [] or more years of service as a Police Officer." *Id.* at 121. But it also contained an "early retirement" clause providing that a command officer could retire if he reached forty-eight years old, served as a police officer for twenty-five years, and purchased the amount of time necessary to reach the age of fifty. *Id.* at 122. Thus, upon reaching the age of forty-nine, Plaintiff "purchased eleven months' worth of time for $38,431." ECF 1, PgID 11 (alterations omitted).

1

Defendant advised Plaintiff that he would have to pay an additional $14,000 to obtain the eleven months' worth of credit. *Id.* at 12. Plaintiff filed a grievance through his union and the union filed for an arbitration proceeding with Defendant. ECF 4-2, PgID 50. After arbitration, Defendant and the union signed a settlement agreement that reimbursed Plaintiff for actuary fees but did not revise his final compensation. ECF 4-3, PgID 67.

Plaintiff then filed a complaint against Defendant in federal court and alleged a violation of the Employment Retirement Income Security Act (ERISA). ECF 4-4, PgID 73. He voluntarily dismissed that complaint, ECF 4-6, PgID 86, and filed a separate complaint against Defendant in State court, ECF 1, PgID 12. He brought an ERISA claim and a State-law breach of contract claim. *Id.* at 12–15. After Defendant removed the complaint to federal court based on federal question jurisdiction, *id.* at 1, Defendant moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), ECF 4. The parties briefed the motion. ECF 6; ECF 7. For the reasons below, the Court will grant in part and deny in part the motion.[1]

## LEGAL STANDARD

Rule 12(b)(1) provides that a party may move to dismiss a case for "lack of subject-matter jurisdiction." "A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim." *Bowles v.*

---

[1] Based on the parties' briefing, the Court will resolve the motion on the briefs without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

*Sabree*, No. CV 20-12838, 2022 WL 141666, at *3 (E.D. Mich. Jan. 14, 2022), (citation omitted). Motions to dismiss under Rule 12(b)(1) fall into two categories: facial attacks and factual attacks. While "a facial attack is a challenge to the sufficiency of the pleading itself," a factual attack is "a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (cleaned up). Because the motion in the present case is a factual attack, "no presumptive truthfulness applies to the factual allegations." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a Rule 12(b)(1) motion, courts "ha[ve] wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (citations omitted). Plaintiff has the burden of proving that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (citation omitted). "If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(6), on the other hand, provides that a party may move to dismiss the case for "failure to state a claim upon which relief can be granted." And unlike a 12(b)(1) motion, Defendant "has the burden of proving that no claim exists." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 433 (6th Cir. 2008). The Court may grant a motion to dismiss under Rule 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555, 570 (2007)). In a Rule 12(b)(6) motion, courts may "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss the complaint. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Defendant advanced two arguments in the motion to dismiss. First, Defendant argued that the ERISA claim should be dismissed because the Court lacks subject matter jurisdiction over it. ECF 4, PgID 36. Second, Defendant argued that the State-law breach of contract claim should be dismissed because it is preempted by federal law and time-barred. *Id.* at 41–42. The Court will address each argument in turn.

4

I. ERISA Claim

Defendant argued that the ERISA claim should be dismissed for lack of subject matter jurisdiction because Plaintiff's retirement plan was exempted from requirements of ERISA under 29 U.S.C. § 1003(b). Under that section, ERISA does not apply to "a government plan." *Id.* Defendant also noted that "ERISA pre-empts all [S]tate laws insofar as they may now or hereafter relate to any employee benefit plan." *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 333 (2003) (quotation and quotation marks omitted); *see also Halttunen v. City of Livonia*, 664 F. App'x 510, 513 (6th Cir. 2016) ("We, therefore, conclude that the City is a political subdivision of the State of Michigan, making the pension plan at issue a governmental plan excluded from the scope of ERISA."). In sum, Defendant argued that Plaintiff's ERISA claim should be dismissed because the retirement plan at issue is a government plan as defined by § 1003(b), and that it is thus exempt from ERISA. And Plaintiff agreed: "Plaintiff . . . concedes the Court lacks jurisdiction over Plaintiff's ERISA claim and further asserts this claim was already dismissed in Plaintiff's prior matter." ECF 6, PgID 174.

To be sure, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). But the Court agrees with the parties that the retirement plan at issue is a governmental plan that is exempt from ERISA. Defendant is a "political subdivision" for purposes of 29 U.S.C. § 1003(b). Section 1003(b) excludes "governmental plan[s]" from ERISA, and 29 U.S.C. § 1002(32) includes within the term "governmental plan"

5

any "plan established or maintained for its employees by the Government of the United States, by the government of any State *or political subdivision thereof*." (emphasis added). Indeed, "[t]hat a city is a political subdivision of a state is so undisputable that many courts have not even involved themselves in the trivial task of analyzing why." *Halttunen*, 664 F. App'x at 512. And the retirement plan at issue is run by Defendant—a "political subdivision" of Michigan. § 1002(32); *see* ECF 4-9, PgID 120 ("Employees included within the bargaining unit shall be entitled as a condition of their employment to the benefits of the retirement program as outlined in Chapter 2 Article V of the Farmington Hills City Code."). And Plaintiff admitted as much. *See* ECF 1, PgID 10 ("Plaintiff was paying into a retirement plan held with the City of Farmington Hills during the period of time that he was employed with the City of Farmington Hills."). All told, the retirement plan is a governmental plan that is exempt from ERISA under 29 U.S.C. § 1003(b). The Court will therefore grant the motion to dismiss as to the ERISA claim because that claim does not present a federal question. *See* Fed. R. Civ. P. 12(h)(3).

II.  State-Law Breach of Contract Claim

The remaining claim is a State-law breach of contract claim. *See* ECF 1, PgID 14. In most cases, a claim cannot be properly removed to federal court unless a federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). And "federal . . . defenses are 'inadequate to confer federal jurisdiction.'" *Id.* at 914–15 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Here, the

State-law breach of contract claim does not present, on its face, a federal question. *See* ECF 1, PgID 14–15.

But "a special corollary to the well-pleaded complaint rule provides that federal question jurisdiction exists when the plaintiff's claim occurs in an area of the law which Congress has so completely preempted that any complaint raising a claim in that area necessarily presents a federal issue." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 944 (6th Cir. 1994) (citations omitted); *see also Caterpillar*, 482 U.S. at 393 ("Once an area of [S]tate law has been completely pre-empted, any claim purportedly based on that pre-empted [S]tate law is considered, from its inception, a federal claim, and therefore arises under federal law."). Thus, the question becomes whether Congress has preempted State-law claims like the one at issue.

"Section 301 of the [Labor Management Relations Act (LMRA)] preempts State-law-based actions that are inextricably intertwined with consideration of the terms of a CBA." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 592 (6th Cir. 2014) (citation omitted) (alterations omitted); *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405–06 (1988) ("[I]f the resolution of a [S]tate-law claim depends upon the meaning of a collective-bargaining agreement, the application of [S]tate law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute."). The Sixth Circuit has developed a two-step approach for determining whether a State-law claim is preempted by Section 301 of the LMRA:

> First, the district court must examine whether proof of the State-law claim requires interpretation of collective bargaining agreement terms. The question informing the first step's analysis is whether Plaintiff can prove all the elements of his claim without contract interpretation. The

7

> second step requires the Court to ascertain whether the right claimed by Plaintiff is created by the collective bargaining agreement or by State law.

*Brittingham v. Gen. Motors Corp.*, 526 F.3d 272, 278 (6th Cir. 2008) (cleaned up).

Under the two *Brittingham* steps, Plaintiff's State-law breach of contract claim is preempted by § 301 of the LMRA. First, proof of the State-law breach of contract claim would require interpretation of the CBA. The CBA was a contract between Plaintiff and Defendant. And Plaintiff identified no other document that could have functioned as a contract between the parties. *See* ECF 1; ECF 6. Plaintiff also noted that he had previously sought "to recoup his retirement benefits through the grievance procedure set forth in Plaintiff's [CBA]." ECF 6, PgID 169–70. Simply put, the CBA is the only contractual document at issue. Interpreting the terms of the CBA is an inescapable part of resolving the State-law breach of contract claim.

Second, the benefit Plaintiff claimed he was denied—the right to retirement benefits through the City's retirement plan—is created by the CBA. *See* ECF 4-9, PgID 121–22 (CBA reference to retirement plan); ECF 1, PgID 14 ("Defendant breached its contract with [] Plaintiff by failing to provide [] Plaintiff with the retirement benefits he was entitled to receive."). Indeed, Plaintiff identified two CBA provisions on which his lawsuit is predicated. *See* ECF 1, PgID 11–12 (describing the retirement and early retirement provisions of the CBA). Thus, the benefit at issue was created by the CBA, and both steps of the *Brittingham* analysis are satisfied.[2]

---

[2] Although Plaintiff stylized his cause of action in common law breach-of-contract terms, the Court's determination remains unchanged. Indeed, if it "is apparent from the allegations . . . that [Plaintiff] was alleging that [Defendant] . . . breach[ed] the

8

Defendant argued that, although the claim is preempted by § 301, the breach of contract claim was a hybrid action under § 301 for "breach of a labor contract." ECF 4, PgID 42. Thus, the complaint is time-barred by the six-month limitations period applicable to hybrid claims under § 301. *See Adkins v. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC*, 769 F.2d 330, 334 (6th Cir. 1985).

The United States Supreme Court has noted that, while § 301 technically permits suits by employees against employers for CBA violations, employees often cannot bring a suit directly in federal court if the CBA requires them to go to arbitration. *See Vaca v. Sipes*, 386 U.S. 171, 185–86 (1967). Thus, if the union decides not to arbitrate on behalf of the employee or otherwise breaches its duty to fairly represent the employee, a hybrid action under § 301 provides a way for the employee to sue not only the employer for violating the CBA but also the union for violating its duty of fair representation. *Id.* at 185 ("[A] situation when the employee may seek judicial enforcement of his contractual rights arises[] if . . . the union has sole power under the contract to invoke the higher stages of the grievance procedure, and if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance.").

---

collective bargaining agreement," the use of common law terms in furtherance of the allegations does not override federal preemption. *Swift v. Ford Motor Co.*, 637 F. Supp. 125, 126 (E.D. Mich. 1986) (citation omitted). "Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction." *Id.* (citation omitted). Thus, the lack of an express reference to the CBA as the source of the claimed benefits is of no moment.

9

Simply put, the present case is not a hybrid action under § 301. The union did not fail to fairly represent Plaintiff. Indeed, the union expressly initiated arbitration proceedings on behalf of Plaintiff as soon as Plaintiff filed his initial grievance. *See* ECF 4-2, PgID 50. And Plaintiff lodged no argument that the union acted "in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation." *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see* ECF 4-4, PgID 71–75; ECF 1, PgID 9–15; *see also Simoneau v. Gen. Motors Corp.*, 85 F. App'x 445, 448 (6th Cir. 2003) (holding that the plaintiff failed to allege a hybrid claim because the complaint did not "allege that the [union] breached its duty of fair representation"). Nor did Plaintiff claim that the CBA prevented him from bringing a lawsuit against Defendant. *See* ECF 4-4, PgID 71–75; ECF 1, PgID 9–15. Thus, the predicate scenario for a hybrid action under § 301 is not present here.[3]

In all, because proof of the State-law breach of contract claim would require interpretation of the CBA and the benefits at issue were created by the CBA, § 301 of the LMRA preempts the State-law breach of contract claim. The claim is thus properly before the Court, and the Court will deny the motion to dismiss as to the State-law breach of contract claim.

---

[3] Because the Court finds that the complaint does not present a hybrid action under § 301, the Court need not reach Defendant's claim that the State-law breach of contract claim is time-barred by the six-month statute of limitations applicable to such hybrid claims. *See Adkins*, 769 F.2d at 334.

10

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [4] is **GRANTED IN PART AND DENIED IN PART**.

This is not a final order and does not close the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: April 3, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 3, 2023, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager